PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

AO 243 (Rev. 2/95)

B 02 - 02

United States District Court
Southern District of Texas
FILED
FEB 04 2002
Michael N. Milby
Clerk of Court

| UNITED STATES DISTRICT COURT | District **Southern District of Texas** |
|---|---|
| Name of Movant **Demetrio Hernandez-Paulino** | Prisoner No. **05534-265** | Case No. **00CR00272-001** |
| Place of Confinement **FCI Allenwood Med. P.O. Box 2000, White Deer, PA 17887-2000** |

UNITED STATES OF AMERICA     V     **Demetrio hernandez-Paulino**
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **U.S. District Court For The Southern DIstrict of Texas, 600 E. Harrison St. Brownville, Texas 7114**

2. Date of judgment of conviction **Sep, 19-2000**

3. Length of sentence **57 months**

4. Nature of offense involved (all counts) **Count one- Allien Unlawfully found in the U.S. after deportation, in violation of 8 U.S.C.§§ 1326(a) and 1326(b).**

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☒
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   **N/A**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☐
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☒

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court _____**N/A**_____

   (b) Result _____**N/A**_____

   (c) Date of result _____**N/A**_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ☐　　No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____**N/A**_____

    　　(2) Nature of proceeding _____**N/A**_____

    　　(3) Grounds raised _____**N/A**_____

    　　(4) Did you receive an evidentiary hearing on your petition, application or motion?

    　　　　Yes ☐　　No ☐

    　　(5) Result _____**N/A**_____

    　　(6) Date of result _____**N/A**_____

    (b) As to any second petition, application or motion give the same information:

    　　(1) Name of court _____**N/A**_____

    　　(2) Nature of proceeding _____**N/A**_____

    　　(3) Grounds raised _____**N/A**_____

AO 243 (Rev. 2/95)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐      No ☐

    (5) Result _____ **N/A** _____

    (6) Date of result _____ **N/A** _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐      No ☐
    (2) Second petition, etc.    Yes ☐      No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
**N/A**
_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    <u>Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date</u>.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

    (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Defense counsel was ineffective by failure to appeal the sentence.

Supporting FACTS (state *briefly* without citing cases or law)

Cousel was ineffective by not appeal sentence that was imposed over the statutory maximum permitted under the statute alleged in the indictment. defendant should had been sentence to not more that 24 months, this is according to the reasoning of the Supreme Court new constitutional rule in Apprendi v. New Jersey,

B. Ground two: Defense counsel was ineffective by failure to challenge the application of the U.S.S.G, as it was applied.

Supporting FACTS (state *briefly* without citing cases or law) Defense counsel failed to presesent supporting evidences to this court, about the mitigating circunstance, that would had inclined this court to awarded defendant with a reduction of the actual sentence. Defendant's reason for re-entry to the U.S. was the mental condition of defendant's mother. If, defendant's counsel would had told this court about the motive that force defendant to disregarded the law, and to re-entry to the U.S. this court would had sentence this defendant departing from the low end of the U.S.S.G.
The only reason that forced me to come back was the condition of my mother, counsel was aware of it, however, he did not present this issue to this court. See letter from the doctor, about the condiction of my mother, attached hereto as exhibits.

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

(4)

AO 243 (Rev 2/95)

D    Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____
_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____
_____
_____
_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐        No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing **Irvin Sheldon Weisfeld.**
    **855 E. Harrison. Brownsville, Texas 78520.   Phone # (956) 546 2727.**

    (b) At arraignment and plea    **N/A**

    (c) At trial    **N/A**

    (d) At sentencing    **N/A**

AO 243 (Rev. 2/95)

(e) On appeal _____ **N/A** _____

(f) In any post-conviction proceeding _____ **N/A** _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____
**N/A**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐          No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐          No ☐

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    **N/A**

    (b) Give date and length of the above sentence: _____ **N/A** _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐          No **XXX**

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

JAN-27-2002
   (Date)

_____
*Demetrio Hernandy*
Signature of Movant



# ST. MARK'S PLACE INSTITUTE FOR MENTAL HEALTH, INC.

57 ST. MARK'S PLACE, NEW YORK, NY 10003    TEL. (212) 982-3470-71 FAX (212) 477-0521

# unitas

Friday, January 11, 2002

Honorable Filemon Vela
U.S. Federal Building and Courthouse
600 E. Harrison Street, #101           RE: Demetrio Hernandez
Bronsville, Texas  78520-7114          ID: 05534-265

Honorable Filemon Vela:

I am writing this letter on behalf of my patient Ms. **Maria Ramona Paulino** who is the mother of Demetrio Hernandez and who receives therapeutic treatment from me and Dr. Giovanni Nunez at our out-patient Mental Health Clinic.

We had provided in the past documentation concerning her mental health to be presented to you by Mr. Hernandez' attorneys but I understand that unfortunately this did not happen at the time.

Ms. Paulino has an Axis I diagnosis of Major Depression Recurrent (296.3) and comes for therapy weekly. Ms. Paulino also receives medication from her psychiatrist on a monthly basis. Ms. Paulino fully cooperates with treatment. Her condition is chronic and prognosis is guarded due to Borderline Personality traits and cognitive/organic deficits.

Ms. Paulino lives at 722 East 9th Street, #2E, New York, New York 10009. Her social security number is 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. Her telephone number is 212-995-2449.

I hope that you will take into consideration the need she has for his son's presence in her life and the terrible ordeal she has endured since his incarceration. I hope that you will be gracious to consider her plea on behalf of her son for leniency and maybe a reduction of sentence imposed so that Mr. Hernandez may soon be able to be of assistance to her.

Thanking you in advance for the attention and consideration given to my request. Yours truly,

Mr. Angel Caula, M.S.
Therapist - File No. 4284

**PROHIBITION ON REDISCLOSURE OF INFORMATION CONCERNING PATIENTS:**
This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR Part 2). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR Part 2. A general authorization for the release of medical or other information is not sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any patient. In consideration of this consent, I hereby release the above pates from any legal liability resulting from the release of this information.

Signature: _maria paulino_                                   Date: 1-11-2002

Signature: ____Not applicable_____                    Date: _____
            (Parent/Guardian/Legal Representative)



# ST. MARK'S PLACE INSTITUTE FOR MENTAL HEALTH, INC.

57 ST. MARK'S PLACE, NEW YORK, NY 10003    TEL. (212) 982-3470-71 FAX (212) 477-0521

## unitas

Friday, January 11, 2002

Supreme Court of the United States
D.C. One, First Street, N.E.            RE: Demetrio Hernandez
Washington D.C.  20543                   ID: 05534-265

Dear Sir/Madam:

I am writing this letter at the request of the mother of above referenced prisoner at F.C.I. Allenwood due to immigration charges and who was sentenced by the Honorable Filemon Vela sometime ago.

His mother Ms. Maria Ramona Paulino receives mental health treatment at our out-patient mental health clinic in New York City for Major Depression Recurrent. Her condition is exarcerbated by the current situation of her son. It is my understanding that Mr. Hernandez' attorneys failed to provide the Honorable Filemon Vela with documentation pertaining to her emotional illness and the need she has of her son in her life and for the success of her treatment.

Ms. Paulino would like to know what she can do to help her son obtain a sentence reduction. Ms. Paulino is an American citizen in good legal standing. She can be reached at 212-995-2449 or information be sent to her address at: 722 East 9th Street, #2E, New York, New York  1009. Her social security number is 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.

If you require more information concerning Ms. Paulino, please do not hesitate to contact me at 212-982-3471 or 212-677-6668/Ext. 154 at your earliest convenience.

Yours very truly,

*[signature: Angel Caula]*

Mr. Angel Caula, M.S.
Therapist

File #4284

**PROHIBITION ON REDISCLOSURE OF INFORMATION CONCERNING PATIENTS:**
This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR Part 2). The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR Part 2. A general authorization for the release of medical or other information is not sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any patient. In consideration of this consent, I hereby release the above pates from any legal liability resulting from the release of this information.

Signature: *[signature: Maria Paulino]*                    Date: 1-11-2002

Signature: ___Not Applicable___                            Date: _____
(Parent/Guardian/Legal Representative)



# ST. MARK'S PLACE INSTITUTE FOR MENTAL HEALTH, INC.

57 ST. MARK'S PLACE, NEW YORK, NY 10003     TEL. (212) 982-3470-71 FAX (212) 477-0521

**unitas**

Thursday, November 29, 2001

To Whom It May Concern:

This letter is written at the request of my client Ms. Maria Paulino whose son **Demetrio Antonio Hernandez** is in jail at this time.

Ms. Paulino has been a patient at our out-patient mental health clinic since 1991 and suffers from chronic depression and anxiety. Ms. Paulino is receiving weekly psychotherapy and sees a psychiatrist on a monthly basis for psychotropic medications and mental status assessments.

Ms. Paulino is distraught about son's lengthly time in jail and her emotional life is deeply affected by this tragic situation. It is my personal assessment that Ms. Paulino would improve if her son's period of incarceration was somewhat diminished so that he can take care of her needs and concerns, provided this is possible according to the law.

Does the possibility exists that Mr. Demetrio Hernandez be transferred to a penal facility closer to the city or located in the city of New York?

Could some form of work release or probation be accorded to him at this time?

If you require more information about Ms. Paulino, plese do not hesitate to contact me at your earliest convenience at 212-982-3471 or at 212-677-6668/Ext. 154.

I thank you in advance for the attention and consideration given to my request.

Yours very truly,

*Angel Caula*

Mr. Angel Caula, B.A., M.S.
Therapist

File #4284

Angel Caula, M.S.
CSS Team Coordinator/SSA Grant Project Coordinator

270 East Second Street
New York, N.Y. 10009-7815
Tel: (212) 677-6668 Ext. 154
Fax: (212) 230-2309

**Barrier Free Living, Inc.**
Helping people with disabilities help themselves

*home*
*212-580-8891*

*UNITAS*
*10-ARRA to 212-982-347*