IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

FEB 2 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk 

| | | |
|---|---|---|
| DEMETRIO HERNANDEZ-PAULINO, | § | |
| Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-02-023 |
| VS. | § | |
| | § | CRIMINAL NO. B-00-272-01 |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |

Pending before the court is a petition filed by Demetrio Hernandez-Paulino ("Hernandez-Paulino") pursuant to 28 U.S.C. § 2255. (Docket No. 1). Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings it is recommended that this action be summarily dismissed.

## BACKGROUND

According to the Presentence Investigation Report ("PSI") filed by the Probation Officer in Hernandez-Paulino's underlying criminal case, United States of America v. Demetrio Hernandez-Paulino, Cr. No. B-00-272, Hernandez was sentenced on September 21, 2000, to 57 months confinement for violation of 8 U.S.C. §§ 1326(a) and 1326(b) following a guilty plea.

According to the report, Hernandez-Paulino was deported on June 5, 1997, following his New York conviction for attempted criminal possession of cocaine, an aggravated felony. In addition to that conviction, he had been convicted two times in New York for criminal possession of weapons. There were drug charges from Providence, Rhode Island pending against him.

## THE SECTION 2255 PETITION

Hernandez-Paulino argues in his petition that his counsel was ineffective for failing to appeal his 57 month sentence because he should have been sentenced to 24 months. Hernandez-Paulino also argues that his lawyer was ineffective for failing to challenge the application of the Guidelines

to his case. Hernandez-Paulino also argues that there are mitigating circumstances in his case in that his illegal reentry was driven by concern for his mentally ill mother who lives in New York.

## RECOMMENDATION

None of Hernandez-Paulino's claims has merit.

According to the PSI, Hernandez-Paulino's lawyer objected to the fact that the indictment did not allege that Hernandez-Paulino had been deported after conviction for an aggravated felony. The Probation Officer correctly noted that under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) Hernandez-Paulino was properly charged and convicted.

In addition, 28 U.S.C. § 2255 contains a one year limitation statute. Hernandez-Paulino's § 2255 petition was filed on February 4, 2002, long after the expiration of the one year period.

Finally, it is axiomatic that complaints about the application of the Sentencing Guidelines to not raise constitutional issues, *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Hernandez-Paulino was sentenced at the low end of the Guidelines. His argument that somehow he was entitled to a lower sentence because of his mother's condition presupposes that he would be able to care for her. In view of the fact, that Hernandez-Paulino's will, no doubt, be deported again following the completion of his current sentence, this argument lacks merit.

IT IS RECOMMENDED that Demetrio Hernandez-Paulino's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

3

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 27th day of February, 2002.

_____
John Wm. Black
United States Magistrate Judge

3