IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
APR 2 5 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DEMETRIO HERNANDEZ-PAULINO, | § § | |
| Petitioner, | § § | CIVIL ACTION NO. B-02-023 |
| VS. | § § § | CRB-00-272-01 |
| UNITED STATES OF AMERICA, Respondent. | § § | |

## ORDER

Petitioner Demetrio Hernandez-Paulino ("Hernandez-Paulino") has filed a Motion Requesting Documents and Extension of Time (Docket No. 5) and a Notice of Appeal (Docket No. 6) in response to the district court's dismissal of his petition under 28 U.S.C. § 2255. In order to properly appeal the district court's order, the Antiterrorism and Effective Death Penalty Act of 1996 requires that Hernandez-Paulino obtain a certificate of appealability ("COA"). This Court will treat Hernandez-Paulino's Motion Requesting Documents and Extension of Time and his Notice of Appeal as a petition for a COA and will consider the arguments he presented in his section 2255 petition (Docket No. 1) to determine whether a COA should issue in this case.

### DISCUSSION

A court may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998).

In his section 2255 petition, Hernandez-Paulino claims that he received ineffective assistance

of counsel because his attorney failed to appeal his sentence. Hernandez-Paulino relies on *Apprendi v. United States*, 530 U.S. 466 (2001), arguing that his indictment was insufficient because his prior convictions were not charged therein and proved by a jury beyond a reasonable doubt. *Apprendi*, however, did not overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that prior convictions are a mere sentencing factor and need not be charged in the indictment and proved beyond a reasonable doubt. Accordingly, Hernandez-Paulino fails to demonstrate a denial of a constitutional right with respect to this claim.

Hernandez-Paulino also complained that his attorney provided ineffective assistance of counsel because he failed to challenge the application of the sentencing guidelines to his case. This claims lack constitutional merit, and thus, there is no showing of a denial of a constitutional right. *See United States v. Williams*, 183 F.3d 458, 462 (5th Cir. 1999).

Finally, Hernandez-Paulino maintained that there are mitigating circumstances in his case because his illegal re-entry was driven by concern for his mentally ill mother who lives in New York. This argument hardly demonstrates that Hernandez-Paulino was denied any of his constitutional rights.

Hernandez-Paulino has not made a substantial showing of the denial of any of his constitutional rights. IT IS therefore **ORDERED** that Hernandez-Paulino's petition for certificate of appealability (Docket Nos. 5, 6 considered jointly) be **DENIED**.

DONE in Brownsville, Texas, on this 24th day of April, 2002.

Filemon B. Vela
United States District Judge